35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Hill THOMAS, Defendant-Appellant.
 No. 92-6062.
 United States Court of Appeals, Tenth Circuit.
 Sept. 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I. Background
 
 2
 James Hill Thomas appeals his conviction and sentencing following a jury trial in which defendant was found guilty on four counts: conspiracy with intent to distribute and conspiracy to distribute cocaine base in violation of 21 U.S.C. 846; possession of cocaine base with intent to distribute in violation of 21 U.S.C. 846; use or carrying of a firearm during a drug trafficking crime in violation of 18 U.S.C. 924(c)(1); and controlling a premise for distributing cocaine base in violation of 21 U.S.C. 856(a)(2).
 
 
 3
 Defendant appeals his conviction on six separate grounds: (1) the evidence was insufficient to sustain his conviction on any of the four counts; (2) the trial judge erred in giving the jury an additional instruction on coconspirator liability; (3) defendant received ineffective assistance of counsel; (4) the trial court erred in enhancing defendant's sentence for obstructing justice and for his role in the offense; (5) the government engaged in prosecutorial misconduct by vouching for its witnesses; and (6) the trial court failed to the state the reasons for defendant's specific sentence at his sentencing hearing. Defendant has also filed a motion received by this court August 11, 1994. We construe defendant's filing as a motion for the appointment of new counsel and deny the motion.
 
 II. Discussion
 
 4
 Defendant's first claim is that the evidence presented at trial was insufficient to sustain the guilty verdicts. We first review the sufficiency of evidence with respect to Count IV. In United States v. Brown, 995 F.2d 1493 (10th Cir.), cert. denied, 114 S.Ct. 353 (1993), this court held, in reviewing the sufficiency of the evidence, that an essential element of 21 U.S.C. 856 was not alleged in Count IV of the indictment in this case. We held that the failure to allege that essential element was a jurisdictional defect constituting plain error. We follow the holding in Brown and vacate defendant's conviction and sentence on Count IV of the indictment. The vacation of this conviction has no effect upon defendant's sentence, however, because he was sentenced concurrently on the remaining counts.
 
 
 5
 In determining the sufficiency of the evidence to sustain a conviction by a jury, we must view the evidence presented in the light most favorable to the government. United States v. Anderson, 981 F.2d 1560 (10th Cir.1992). After reviewing this record, we conclude that there was sufficient evidence to support the jury's determination of guilt on Counts I, II, and III of the indictment.
 
 
 6
 Defendant next alleges error in the trial court's jury instruction concerning coconspirator liability. Defense counsel objected to the instruction at trial on the grounds that the jury would be confused and that the substance of the instruction was already covered by the conspiracy instruction. After considering the objection, the district court overruled it on the grounds that a more specific instruction was appropriate to ensure that the jury understood the case. In so doing, the district court relied correctly on the position of this court in United States v. Gillis, 942 F.2d 707, 711 (10th Cir.1991) (discussing Pinkerton doctrine). Viewing the jury instructions as a whole, we find no error in the trial court's decision to give the additional instruction on coconspirator liability.
 
 
 7
 Defendant next contends that he received ineffective assistance of counsel. This court stated in Beaulieu v. United States, 930 F.2d 805 (10th Cir.1991), that "[t]he preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. 2255." Id. at 806. This court will review a claim of ineffectiveness on direct appeal only where defendant is represented by new counsel on appeal, the claim is based solely on the trial record, and the claim would not benefit from further factual development in a post-trial hearing in the district court. Because these circumstances do not apply here, we will not review defendant's ineffectiveness claim as part of this appeal. Defendant must postpone his ineffectiveness claim until he mounts collateral attack on his conviction pursuant to 28 U.S.C. 2255.
 
 
 8
 Defendant also argues that the trial court committed error in applying penalty enhancements to defendant for obstruction of justice and his role in the offense. Specifically, defendant contends that the district court erred in not making independent findings concerning the factual bases for the enhancements that were contained in the presentence report. Neither defendant nor his counsel objected to the factual contents of the presentence report. The district court is not required to make independent findings on factual disputes regarding the applicability of a particular sentencing guideline unless the dispute is brought to the attention of the district court. In this case, the transcript of the sentencing proceeding is clear that both defendant and his counsel were personally asked whether they had anything to say or whether there were any objections, and both responded in the negative. Since defendant raised no objection, the district court did not err by failing to make independent finding.
 
 
 9
 Defendant next argues that the government committed prosecutorial misconduct. Specifically, defendant asserts that the prosecution vouched for the honesty of its witnesses and the truthfulness of their testimony in its closing argument. Having closely reviewed the prosecutor's closing argument, we find no error.
 
 
 10
 Finally, defendant contends that the trial court failed to state the reasons for defendant's particular sentence in violation of 18 U.S.C. 3553(c). Section 3553(c) states:
 
 
 11
 The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
 
 
 12
 (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.
 
 
 13
 In this case, the Sentencing Guidelines prescribed an initial guideline imprisonment range of 188 to 235 months for counts I, II, and IV. It was therefore incumbent upon the trial court to articulate "the reasons for its imposition of the particular sentence" as well as "the reason for imposing a sentence at a particular point within the range." Here, the trial court sentenced defendant to 235 months--the highest point within the range--without offering any reasons at the sentencing hearing. This case therefore must be remanded to the trial court for resentencing with a statement in open court that justifies defendant's particular sentence and expressly considers the factors included in the Sentencing Guidelines. See United States v. Wilson, 7 F.3d 828, 839-40 (9th Cir.1993) (failure to state reasons for sentence within range exceeding 24 months requires remand for resentencing), cert. denied, 114 S.Ct. 2151 (1994).
 
 
 14
 Defendant's conviction on Count IV of the indictment is vacated. The portion of this appeal related to ineffective assistance of trial counsel is dismissed. This case is REMANDED to the district court for resentencing in accordance with this order. In all other respects, the order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470