70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Hill THOMAS, Defendant-Appellant.
 No. 94-6432.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Hill Thomas challenges the legality of his criminal sentence, alleging that the district court deprived him of his rights to be present at sentencing and to engage in allocution. He also claims that the court erred in denying him substitute counsel and failing to provide adequate and proper reasons for imposing the maximum guideline sentence. The government concedes that the court committed reversible error by excluding Mr. Thomas from his sentencing hearing. We reverse and remand.
 
 
 3
 Mr. Thomas was convicted on four counts of a federal indictment stemming from his involvement in a cocaine trafficking conspiracy. The district court sentenced him to 235 months imprisonment on Counts I, II, and IV, to be served concurrently, and a consecutive 60-month sentence on Count III. We reversed his conviction on Count IV and remanded the case for resentencing on the remaining counts. United States v. Thomas, 1994 WL 485815 (10th Cir.1994). Because the court had failed to provide a reason for sentencing Mr. Thomas to the highest point in the applicable guideline range, we remanded for "resentencing with a statement in open court that justifies defendant's particular sentence and expressly considers the factors included in the Sentencing Guidelines." Id. at * 2.; see 18 U.S.C. Sec. 3553(c)(1).
 
 
 4
 At the sentencing hearing on remand, Mr. Thomas appeared with appointed counsel but repeatedly requested that the court appoint new counsel. Stating that Mr. Thomas was interfering with the proceeding, the court ordered him removed from the courtroom and sentenced him in his absence. The court sentenced him to concurrent sentences of 235 months on Counts I and II and imposed a consecutive sentence of 60 months on Count III. The court stated that it was sentencing Mr. Thomas at the top of the guideline range for the following reasons: (1) he had repeatedly provided a false name to law enforcement officers and the court and only acknowledged his true identity immediately prior to sentencing; (2) he utilized firearms in the commission of the offense and fired upon officers executing an arrest warrant; and (3) he consistently denied his guilt and showed no remorse. The court noted, "Even though each of these factors were noted in the presentence report and resulted in the enhancements to the base offense level, none of the enhancements adequately reflect the seriousness of these actions by the defendant and the danger he created while he engaged in his criminal behavior." Rec., vol. X at 7. Mr. Thomas filed this appeal.
 
 
 5
 Mr. Thomas alleges that the court erred by excluding him from the resentencing hearing. The government concedes that reversible error occurred. We agree that a defendant's presence at his own sentencing is mandatory. See Fed.R.Crim.P. 43(a); United States v. Songer, 842 F.2d 240 (10th Cir.1988). We therefore remand with orders to vacate Mr. Thomas' sentence and to resentence him in his presence.
 
 
 6
 Mr. Thomas also alleges that the district court erred by denying his request to appoint new counsel. We need not address this issue as he is represented by new counsel on this appeal and we assume he will continue to be represented by his new counsel on remand.
 
 
 7
 Finally, Mr. Thomas claims that the district court failed to state proper and sufficient reasons for imposing the maximum guideline sentence. Because we are remanding for resentencing, we decline to address this issue. At resentencing, Mr. Thomas will be represented by new counsel to speak on his behalf, and will have the right to speak himself. See Fed.R.Crim.P. 32(c)(3). It is neither a foregone conclusion that the court will give either the same sentence or the same reasons for the sentence. Consequently, we will not assess the reasons given by the district court at the sentencing we have vacated.
 
 
 8
 We REVERSE and REMAND with instructions to VACATE the sentence and resentence in accordance with this opinion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citations of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470