**Ronald Duane BEAULIEU,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 90–6357.

United States Court of Appeals,
Tenth Circuit.

April 15, 1991.

See also 900 F.2d 1531.

Ronald Duane Beaulieu, pro se.

Timothy D. Leonard, U.S. Atty., and Robert G. McCampbell, Asst. U.S. Atty., Oklahoma City, Okl., for respondent-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Ronald Beaulieu appeals a district court order dismissing his motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence. We vacate the dismissal and remand for further proceedings.[1]

Beaulieu was convicted of conspiracy to manufacture amphetamine, in violation of 21 U.S.C. § 846, and possession of amphetamine oil with intent to manufacture amphetamine, in violation of 21 U.S.C. § 841(a)(1). On direct appeal, Beaulieu, with different counsel, challenged the sufficiency of the evidence and the trial court's upward adjustment under § 3C1.1 of the Sentencing Guidelines. Although he originally listed it as an issue on appeal, he did not further challenge the effectiveness of his trial counsel. We affirmed the convictions. *United States v. Beaulieu,* 900 F.2d 1531 (10th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990). As his sole claim for relief under § 2255, Beaulieu alleges that he received ineffective assistance of counsel at trial. The district court rejected Beaulieu's § 2255 motion on the ground that he should have raised the ineffective counsel claim on direct appeal. Beaulieu contends that this was error. We agree.

The preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. § 2255. *United*

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

States v. Caggiano, 899 F.2d 99, 100 (1st Cir.1990); *United States v. Aulet,* 618 F.2d 182, 185 (2d Cir.1980); *United States v. Birges,* 723 F.2d 666, 670 (9th Cir.), *cert. denied,* 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984). Indeed, "collateral review will frequently be the only means through which an accused can effectuate the right to counsel...." *Kimmelman v. Morrison,* 477 U.S. 365, 378, 106 S.Ct. 2574, 2584, 91 L.Ed.2d 305 (1986). "[A]n accused will often not realize that he has a meritorious ineffectiveness claim until he begins collateral review proceedings, particularly if he retained trial counsel on direct appeal." *Id.* Moreover, ineffectiveness claims frequently require consideration of evidence not contained in the record on direct appeal.

As a result, most circuits follow the general rule that "a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court...." (*United States v. Lewis,* 902 F.2d 1176, 1180 (5th Cir.1990) (quoting *United States v. Higdon,* 832 F.2d 312, 313–14) (5th Cir. 1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988)); *see also United States v. Castro,* 908 F.2d 85, 89 (6th Cir.1990); *United States v. Khoury,* 901 F.2d 948, 969 (11th Cir.1990); *United States v. Davis,* 882 F.2d 1334, 1345 n. 14 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1472, 108 L.Ed.2d 610 (1990); *United States v. Hoyos–Medina,* 878 F.2d 21, 22 (1st Cir.1989); *United States v. Schreiber,* 599 F.2d 534, 538 (3d Cir.), *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). This encourages development of a record on the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial.

■ There are "rare cases where the record is sufficiently complete," *United States v. Ugalde,* 861 F.2d 802, 804 (5th Cir.1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989), to enable a fair evaluation of the ineffectiveness claim on direct appeal. The factual record may have been sufficiently developed during post-trial proceedings in the district court. *United States v. Aulet,* 618 F.2d at 186 n. 3. Or the claim may be "confined to matters found in the trial record...." *United States v. Caggiano,* 899 F.2d at 100; *United States v. Brown,* 591 F.2d 307, 310 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Or, simply put, the claim may not merit further factual inquiry. *United States v. Poston,* 902 F.2d 90, 99 n. 9 (D.C.Cir.1990); *United States v. McCord,* 509 F.2d 334, 352 n. 65 (D.C.Cir.1974) (en banc), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1656, 44 L.Ed.2d 87 (1975). Under such circumstances, appellate courts will consider ineffective assistance of counsel claims on direct appeal. *But see United States v. Arango,* 853 F.2d 818, 823 (11th Cir.1988).

■ Moreover, in some cases, failure to bring an ineffectiveness claim on direct appeal may bar the claim in collateral proceedings. *United States v. Phillips,* 914 F.2d 835, 846 (7th Cir.1990) (citing *Johnson v. United States,* 838 F.2d 201, 206 (7th Cir.1988) and *Cartee v. Nix,* 803 F.2d 296 (7th Cir.1986), *cert. denied,* 480 U.S. 938, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987)); *Brien v. United States,* 695 F.2d 10, 14 n. 6 (1st Cir.1982). However, this bar applies to only a narrow subcategory of ineffective assistance of counsel claims: situations where the defendant is no longer represented by trial counsel and it is evident that resolution of the ineffectiveness claim would not be substantially aided by further development of the record.[2] In short, the bar applies to claims that clearly should

---

2. Of course, it may be difficult at the margin for defense counsel to predict whether the court on direct appeal will decide that the record requires further development. Thus, in close cases, prudent defense attorneys will raise ineffective assistance claims on direct appeal. If the record is sufficient to address the claim, the appellate court can dispose of it on direct appeal and obviate any need to raise it on collateral attack. If the record is insufficient, the appellate court may either remand for an evidentiary hearing, *United States v. Bowie,* 892 F.2d 1494 (10th Cir.1990), or simply decline to consider the claim on direct appeal.

have been brought on direct appeal. *Johnson v. United States*, 838 F.2d at 206.

This is not such a case. Beaulieu's claim alleges, among other things, that his trial counsel failed to interview or call certain witnesses, failed to prepare Beaulieu for his testimony, and made critical evidentiary mistakes, including an alleged failure to file a motion to suppress. The merit of these serious allegations cannot be determined on the basis of the trial record alone. Nor was a sufficient record developed in a post-trial proceeding in the district court. Given that fact, we could not have reviewed Beaulieu's claim on direct appeal.

Beaulieu's § 2255 proceeding is the first opportunity for him to present his case with regard to the ineffectiveness of his trial counsel. Without considering the merits of Beaulieu's claim, we hold that he should have the opportunity to present its factual basis to the district court. *See Machibroda v. United States*, 368 U.S. 487, 494–95, 82 S.Ct. 510, 513–14, 7 L.Ed.2d 473 (1962) (hearing required under § 2255 when petitioner's motion contained factual allegations based on occurrences outside the record); *Osborn v. Shillinger*, 861 F.2d 612, 622–23 (10th Cir.1988) (defendant allowed to bring ineffective assistance of counsel claim for the first time collaterally because record was insufficient on direct appeal).

Accordingly, we VACATE and REMAND to the district court for further proceedings on Beaulieu's § 2255 motion consistent with this opinion.