933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Vernon Lee BRANHAM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-7071.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant, Vernon Lee Branham, appeals from the dismissal of his habeas petition, 28 U.S.C. Sec. 2255, and the denial of his motion to proceed on appeal in forma pauperis. Branham was convicted of two counts of mailing an explosive with intent to injure, 18 U.S.C. Sec. 1716; two counts of possession of an unregistered destructive device, 26 U.S.C. Sec. 5861(d); and two counts of manufacturing a destructive device, 26 U.S.C. Sec. 5861(f). We affirmed his conviction in United States v. Branham, No. 88-1487, unpub. order, (10th Cir. July 3, 1989).
 
 
 2
 Branham now seeks collateral relief pursuant to Sec. 2255 claiming that pretrial, trial and appellate counsel were ineffective and failed to raise a variety of other constitutional claims.[1] The government responded that defendant had four attorneys through trial and appeal and had not overcome the strong presumption that counsel's performance was deficient. I R. doc. 2. In so responding, the government did not mention defendant's other constitutional claims, let alone address them in the context of the ineffectiveness claim. The magistrate judge determined that Branham had not been denied effective assistance of counsel at trial and he could not raise his other claims collaterally because he failed to raise them on direct appeal. The district court adopted the recommendation of the magistrate judge and dismissed Branham's petition. I R. docs. 5 & 8. The district court also determined that this appeal was not taken in good faith and denied Branham leave to proceed on appeal in forma pauperis. I R. doc. 10. Branham appeals both of these orders.
 
 
 3
 First, we must address Branham's motion to proceed on appeal in forma pauperis. See 28 U.S.C. Sec. 1915(a); Fed.R.App.P. 24(a); 10th Cir.R. 24.1. The district court concluded that Branham's appeal was not taken in good faith. We disagree. Branham's brief presents a reasoned argument on the law and the facts. See Coppedge v. United States, 369 U.S. 438, 448 (1962). While we express no opinion on the merits, Branham raises several arguable points in favor of his position. Consequently, we grant Branham's motion to appeal in forma pauperis. See Neitzke v. Williams, 490 U.S. 319, 325-27 (1989).
 
 
 4
 Branham was required to show cause for failing to raise his other constitutional claims and actual prejudice. United States v. Frady, 456 U.S. 152, 167-68 (1982). He claims that the cause of his procedural default is ineffective assistance of counsel at trial and on appeal. We note that a defendant is entitled to effective counsel at both levels. See Evitts v. Lucey, 469 U.S. 387, 397 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, Branham's other constitutional claims are linked to his ineffectiveness claim, yet neither the government, nor magistrate judge, nor the district court addressed these claims in the context of the ineffectiveness claim.
 
 
 5
 We recently held that ineffective assistance of counsel claims normally will be resolved in collateral proceedings. Beaulieu v. United States, 930 F.2d 805 (10th Cir.1991). One of our concerns was the development of a sufficient record concerning "the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of any trial."[2] Id. slip op. at 3. See also Strickland, 466 U.S. at 690 (court must evaluate whether identified acts and omissions were within range of competence) & at 697 (identified acts or omissions may not be error or prejudicial error). In Beaulieu, we recognized "a narrow subcategory" of ineffectiveness claims that might be barred collaterally: "where the defendant is no longer represented by trial counsel and it is evident that resolution of the ineffectiveness claim would not be substantially aided by further development of the record." Id. slip op. at 4. Here, the district court decision does not discuss Branham's other constitutional claims in the context of the alleged ineffectiveness. In view of supervening authority, it is appropriate to vacate the district court's dismissal of the petition and remand for reconsideration in light of Beaulieu.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 After examining the briefs and record on appeal, the panel has determined unanimously that oral argument would not materially assist the disposition of this case. The case therefore is ordered submitted on the briefs
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. See 10th Cir.R. 36.3
 
 
 [1]
 Defendant asserts that his trial was fundamentally unfair because of several constitutional errors. These include, inter alia, claims that (1) evidence was obtained through a warrantless search of his property; (2) he was identified in a lineup by postal workers who had been previously shown his photo; (3) he was denied exculpatory evidence; (4) he was questioned after invoking his right to counsel; (4) he was denied compulsory process to obtain witnesses; and (5) he was convicted with known perjured testimony. I R. doc. 1
 
 
 [2]
 Though unfamiliar to us, Branham's claims may not be unfamiliar to his lawyers. Branham maintains that he requested both retained and court-appointed counsel to raise all of the issues he now raises collaterally, but they declined. I R. doc. 1 at 8