982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Placido PADILLA, Defendant-Appellant.
 Nos. 91-2248, 92-2014.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before JOHN P. MOORE and BRORBY, Circuit Judges, and THEIS, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Placido Padilla appeals his conviction and sentence under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) for distributing less than 500 grams of cocaine on three separate occasions. He questions the denial of a motion to suppress, the assistance of counsel, and the sufficiency of the evidence. None of his arguments have merit; therefore, we affirm.
 
 
 2
 The motion to suppress related to tapes of conversations between defendant and New Mexico State Police Agent Cortez regarding the purchase of cocaine. Because the agent was a party to the conversations, the interceptions were proper. 18 U.S.C. § 2511(2)(c); United States v. Caceres, 440 U.S. 741, 749-50 (1979). Mr. Padilla's argument ignores the applicable statute and is frivolous.
 
 
 3
 Mr. Padilla argues he was denied effective assistance of counsel at trial. We have held this issue is not cognizable on direct appeal. Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991). We see nothing in the arguments indicating this is one of the rare cases in which departure from that rule is required.
 
 
 4
 Mr. Padilla's argument regarding the sufficiency of the evidence is unpersuasive. Viewing the evidence in a light most favorable to the government, as we must, we think Mr. Padilla's conversations with Agent Cortez, and, in particular, his own statements to Agent Cortez that he wanted $1,100 for each ounce of cocaine that he was selling; the expert testimony about the nature of the substance he sold; the evidence of Mr. Padilla's evasive actions; and the counter-surveillance at the time of his meetings with Agent Cortez all provide an adequate basis for Mr. Padilla's conviction.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Frank G. Theis, Senior Judge for the United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3