999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Eric R. CROWDER, Defendant/Appellant.
 No. 92-4014.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1993.
 
 Before McKAY, Chief Judge, and LOGAN and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 Eric R. Crowder appeals his conviction on three related charges that arose from a drug transaction which occurred in 1986. Following a jury trial, he was convicted of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 (1988), possession of ten kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A) (1988), and interstate travel in aid of an unlawful activity in violation of 18 U.S.C. § 1952 (1988). He was sentenced to eight months on the interstate travel offense, and although he received a lengthy sentence for the drug charges, the execution of his sentence was suspended.
 
 I.
 
 2
 Initially, Mr. Crowder asserts he was prejudiced by various evidentiary errors. He asserts the district court erred by allowing the government to elicit testimony relating to the past uncharged conduct of himself and his father.
 
 
 3
 It is well established that an appellate court reviews the admission of evidence at trial for an abuse of discretion. United States v. Carter, 973 F.2d 1509, 1513 (10th Cir.1992), cert. denied, 113 S.Ct. 1289 (1993). We will not reverse absent a "definite and firm conviction [that the trial court] made a clear error of judgment or exceeded the bounds of permissible choice [under] the circumstances." Id.
 
 
 4
 In this case, the government's case relied substantially on the testimony of the Defendant's co-conspirator, Mark Feltman, and the case was essentially a swearing match between them. As a result, Mr. Feltman's credibility was at issue, particularly as it related to his decision to come forward with evidence relating to the Defendant's father only shortly before trial and despite prior requests from investigators that Mr. Feltman tell everything he knew.[2] Mr. Feltman stated that he withheld information regarding the Defendant's father because he feared for his life and that of his family. He testified that he had coordinated prior drug deals with Defendant's father, often through the Defendant, and that a dispute arose regarding the quality of a shipment of cocaine. He testified that the Defendant's father had threatened to kill him over the incident, and as a result, he was fearful of implicating the father in this case.
 
 
 5
 Mr. Crowder argues that he was prejudiced by the negative testimony relating to his father, who was only a witness in this case. Mr. Crowder further argues that the government improperly used the evidence of his father's past conduct to effectively impeach him before he was even called to testify on the Defendant's behalf.
 
 
 6
 The government argues that the evidence relating to the Defendant's father was relevant to explain Mr. Feltman's reasons for his late disclosure of evidence. Because Mr. Feltman's credibility was at issue, the government argues that it was appropriate to question him on direct concerning his late disclosure of evidence. The government further asserts the district court properly determined that the probative value of the evidence was not substantially outweighed by the prejudice to the Defendant.
 
 
 7
 The record reveals that Mr. Feltman's testimony relating to Defendant's father was the subject of a motion in limine. We have reviewed the trial court's decision in this case on this matter and cannot say that the trial court abused its discretion. Although the evidence was prejudicial, "relevant evidence is inherently prejudicial" and may only be excluded if the prejudice is so unfair that it "substantially outweigh[s] the probative value." United States v. Sides, 944 F.2d 1554, 1563 (10th Cir.), cert. denied, 112 S.Ct. 604 (1991). Under the circumstances of this case, we hold that the district court did not abuse its discretion in allowing the government to question Mr. Feltman regarding his late disclosure of information.
 
 
 8
 Mr. Crowder also asserts the trial court erred by allowing the admission of evidence relating to his own past conduct. Our review of the record suggests this argument was waived by Defendant's attorney in the motion in limine:
 
 
 9
 Second point we would request, now Mr. Feltman, in all honesty, Your Honor, does state there were previously drug dealings between himself and [the Defendant]. Certainly they would be relevant, they would be probative, and we have no objection to him wanting to testify with respect to those matters. But only as they relate to the this Defendant, Eric R. Crowder, and not to his father.... There's a fine distinction there.
 
 
 10
 (Appellee's App. at 21.) By conceding the relevance and admissibility of this evidence, Defendant has waived any appeal of this issue. Accordingly we will not consider the matter further.
 
 II.
 
 11
 Mr. Crowder also asserts that he was denied a fair trial when the district court limited the Defendant's cross examination of Mr. Feltman, the government's primary witness. Defendant complains that he was denied the opportunity to inquire into any leniency Mr. Feltman may have received as a result of his testimony and to show bias.
 
 
 12
 The record indicates that defense counsel attempted to question Mr. Feltman regarding whether he had ever owned a firearm, whether he had any felony arrests other than the one stemming from the instant offense, whether he had violated probation, and whether or not he was familiar with a forfeiture action. The government raised a relevancy objection to each of the questions which was sustained.
 
 
 13
 After a review of the record, we are satisfied that the trial court did not abuse its discretion in this matter. The questions asked were not relevant to the matters at issue and were not probative of the witness' character for truthfulness. Accordingly, we hold that the Defendant's contentions in this regard are without merit.
 
 III.
 
 14
 Mr. Crowder also claims that he was prejudiced by the admission of evidence suggesting his indigent status and that he had court-appointed counsel. The record reveals the following:
 
 
 15
 Q: (Direct examination by Defendant's attorney) How has this case affected you, Mr. Crowder?
 
 
 16
 A: (By Defendant's father) Lost everything. My house is up for auction.
 
 
 17
 ....
 
 
 18
 Q: (Cross examination by the government's attorney) Mr. Crowder, did I understand you this morning to say that you lost everything as a result of this case?
 
 
 19
 A: (By Defendant's father) Yes.
 
 
 20
 Q: What have you lost?
 
 
 21
 A: I lost a lot of money, the attorney that I had to fly here. I had flown here seven or eight times. I've gone to Wyoming. I've gone to Arizona. I've gone to Florida. I paid an attorney to stay here for a week while you were on a retreat that you didn't notify us of. You kept my boy in jail for months and said he was armed and dangerous.
 
 
 22
 Q: Mr. Crowder, you're not trying to imply to this jury that you paid for the defense attorneys in this case, are you?
 
 
 23
 Defendant's attorney: Objection.
 
 
 24
 A: Yes I am. Yes, I am.
 
 
 25
 (Tr. Vol. VI, at 34, 62-63.) After a bench conference outside the presence of the jury, the court permitted the government to specifically question the witness as to whether he was paying for the Defendant's trial attorney and the defense investigator without reference to the Criminal Justice Act or Defendant's indigent status. The witness thereafter admitted that he was not paying for Defendant's trial attorney or the investigator.
 
 
 26
 We are of the view that the trial court did not abuse its discretion in this matter. After opening the door by asking how the witness has been affected by this action, it was permissible for the government to ask the witness for a further explanation. Then, when the witness implied that he was paying Defendant's attorney fees, the government was entitled to ensure that the jury was not left with a false impression. Furthermore, pursuant to the court's instructions, the matter was resolved in a manner without mentioning the Defendant's indigent status or that his attorney was court-appointed. Under these circumstances, we hold that the trial court did not abuse its discretion in this matter.
 
 IV.
 
 27
 Mr. Crowder also asserts that he was denied effective assistance of counsel in this case. As we have previously noted, "[t]he preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. § 2255." Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991). We adopted this rule because "ineffectiveness claims frequently require consideration of evidence not contained in the record on direct appeal." Id. at 807. In this case, Mr. Crowder concedes that the record may be insufficient to resolve two of the three ineffectiveness claims he has raised. Under these circumstances we hold that a collateral attack is the appropriate way to raise such matters, and we decline the invitation to consider these issues.
 
 
 28
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 In fact, the record suggests that Mr. Feltman initially declined to implicate the Defendant in this case. Mr. Feltman only implicated the Defendant in this case after he was compelled to testify before the grand jury which eventually indicted the Defendant