39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Lee GILBERT, Defendant-Appellant.
 No. 93-4229.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Thomas Lee Gilbert was convicted after a jury trial of one count of bank robbery in violation of 18 U.S.C. 2113. He was sentenced as a career offender to 180 months in prison followed by three years of supervised release, and was ordered to pay a $5000 fine under the Inmate Financial Responsibility Program.
 
 
 3
 Mr. Gilbert's court-appointed counsel represented him at trial and filed a notice of appeal. Counsel has since filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating his opinion that no meritorious issues could be raised on appeal and asking leave to withdraw as counsel. As directed by the Supreme Court in Anders, counsel's brief refers to matters in the record that might arguably support an appeal. He nevertheless concludes that pursuit of those matters would be frivolous.
 
 
 4
 Mr. Gilbert has responded to the Anders brief, and the government has responded to both the Anders brief and Mr. Gilbert. Our procedure in these circumstances is governed by the Supreme Court's directive in Anders.
 
 
 5
 [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal....
 
 
 6
 Id.
 
 
 7
 In his Anders brief, counsel suggests that an argument might be made that the evidence was not sufficient to support the verdict because none of the tellers present at the bank during the robbery clearly identified Mr. Gilbert as the robber. However, our review of the trial evidence convinces us that this argument is frivolous. Mr. Gilbert was arrested shortly after the crime while driving a truck bearing the same license plate as that on the truck the robber was seen driving away from the bank. Police recovered from the truck a note that the robber had shown the teller when demanding money. The government presented evidence at trial that the note had been written by Mr. Gilbert and had his fingerprints on it. This and other evidence connecting Mr. Gilbert to the crime, when viewed most favorably to the verdict, eliminates any ground for contending that the conviction must be reversed because it is not supported by the record.
 
 
 8
 Counsel also proffers an argument that Mr. Gilbert's Fourth Amendment rights were violated when the police stopped the truck, arrested him, and initially searched the truck. Pursuit of this argument on appeal is frivolous on two grounds. First, because the defense made no pretrial challenge to the stop, arrest, or search as required by Fed.R.Crim.P. 12(b)(3), Mr. Gilbert is precluded from raising these matters on appeal. Even if we were to consider the merits we would find no ground for appeal. The police received a radio dispatch stating that the bank had been robbed and giving the license number of the truck that the robber was driving. This knowledge gave the officers probable cause under the circumstances here to stop a truck with the same license number and arrest the driver. We likewise find no basis for challenging as improper the subsequent brief inventory search made upon Mr. Gilbert's arrest.
 
 
 9
 In his response to the Anders brief, Mr. Gilbert asserts in essence that his court-appointed counsel was ineffective because counsel did not adequately prepare for trial, failed to present witnesses that would have aided his defense, and failed to effectively argue evidence in his favor. This court has stated that "[t]he preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. 2255." Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991). In Beaulieu we pointed out that review of such claims on direct appeal is particularly difficult when trial counsel represents the defendant in that appeal and/or when the claim requires consideration of evidence not contained in the direct appeal record. Id. at 807.
 
 
 10
 We agree with the government's contention that the record here is not sufficient to allow us to address Mr. Gilbert's allegations on direct appeal. Mr. Gilbert alleges inadequate trial preparation and the failure to interview or call certain witnesses, allegations we held in Beaulieu could not be evaluated on the basis of the trial record alone. Moreover, Mr. Gilbert is represented on appeal by trial counsel, who has filed an Anders brief. See id. at 808. Accordingly, we decline to consider his claims of inadequate counsel here. Mr. Gilbert may pursue them pursuant to 28 U.S.C. 2255 if he wishes.
 
 
 11
 Finally, as directed by the Supreme Court, we have carefully examined all the proceedings in this matter and we find nothing in them upon which a cognizable argument for reversible error could be based. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470