43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bishop Sidney BLACK, Defendant-Appellant.
 No. 94-4032.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1994.
 
 Before SEYMOUR, Chief Judge, McWILLIAMS, Senior Circuit Judge, and CROW,* District Judge.
 ORDER AND JUDGMENT**
 CROW, District Judge.
 Bishop Sidney Black appeals his convictions on three counts of aggravated sexual abuse with a child under the age of 12 years on an Indian reservation, in violation of 18 U.S.C. Secs. 1153 (offenses committed within Indian country), 2241(c) (defines offense as knowingly engages or attempts to engage in sexual act with child under 12), and 2245(2) (defines "sexual act"). At sentencing, the district court increased the offense level for obstruction of justice and imposed a sentence of 328 months imprisonment with five years of supervised release and a fine of $25,000. The defendant argues that he was denied effective assistance of counsel, that the evidence was insufficient to sustain his convictions, that he was entitled to a special cautionary instruction on the credibility of children, and that the trial court's findings were insufficient for a sentence enhancement. We affirm the conviction and remand for additional findings on the sentence enhancement.
 A collateral attack under 28 U.S.C. Sec. 2255 is the preferred time for deciding an ineffective assistance of counsel claim.[1] Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991); see also Clark v. Tansy, 13 F.3d 1407, 1413 (10th Cir.1993). Such a claim typically requires an independent record that discloses "the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." Beaulieu, 930 F.2d at 807.
 This case is not one of the rare instances where the record suffices for direct appellate review. Black asserts his trial counsel failed to interview and call certain witnesses, failed to investigate some potential defenses, and failed to cross examine about certain incongruities in the evidence. The court cannot determine the merit of these serious allegations from the trial record submitted. For this reason, the court will decline to consider the defendant's ineffectiveness claim on direct appeal.
 The defendant next argues insufficient evidence to sustain his convictions. In assessing this claim, the appellate court views the evidence in the light most favorable to the government and draws all reasonable inferences from the evidence which tend to support the jury's verdict. United States v. Reddeck, 22 F.3d 1504, 1507 (10th Cir.1994). Ultimately, the court must satisfy itself that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Hollis, 971 F.2d 1441, 1447 (10th Cir.1992), cert. denied, 113 S.Ct. 1580 (1993).
 The defendant insists the only evidence supporting his convictions is the victim's testimony which, he argues, was not corroborated. The court's review of the trial record shows substantial evidence on which a rational jury could convict Black. The victim described each incident with sufficient detail and referred to circumstances regarding each incident that were corroborated by others, including the defendant. During the time of the charged events, the victim's mother had observed that her son had been reluctant on several occasions to go alone to the defendant's residence. Dr. Paul Ebbert examined the victim and found that the victim consistently described what had happened each of the three or four times that he was asked. This court defers to the jury's resolution of conflicting evidence and accepts the jury's assessment of the credibility of witnesses. United States v. Davis, 1 F.3d 1014, 1017 (10th Cir.1993). The victim's testimony was not "inherently incredible" or "unbelievable on its face" as to justify limiting the jury's role. Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). The court will not disturb the jury's determination of guilt.
 The defendant contends the trial court should have given a cautionary instruction on evaluating the reliability of a child's testimony. Because Black did not ask for this instruction at trial, we review whether the omission was both "obvious and substantial" so as to be plain error. United States v. Smith, 13 F.3d 1421, 1424 (10th Cir.), cert. denied, 63 U.S.L.W. 3151 (1994). The trial court instructed the jury to "judge the value of testimony given by children in the same way you would any other witnesses." The trial court's other instructions adequately conveyed that the jury "should carefully scrutinize" the witnesses' credibility considering such relevant circumstances as their relationship to the parties, their opportunity to acquire knowledge about certain facts, their candor and intelligence, and their testimony's consistency with other credible evidence. We find no abuse of discretion, let alone plain error, in the trial court's reliance on general credibility instructions. See People of Territory of Guam v. McGravey, 14 F.3d 1344, 1348-49 (9th Cir.1994).
 Over Black's objection, the trial court imposed a two-level enhancement under the United States Sentencing Guidelines ("U.S.S.G.") Sec. 3C1.1 for obstruction of justice. The trial court's only finding in support of the enhancement was: "I want to make a specific finding that I find that your testimony on trial was perjurious, and that is the basis upon which I added points for obstruction of justice." This finding neither addresses each element to perjury[2] nor encompasses the factual predicates for a finding of perjury. See United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). Nor does the finding suggest what portions of the defendant's testimony the district court found false. See United States v. Markum, 4 F.3d 891, 897-98 (10th Cir.1993); United States v. Hansen, 964 F.2d 1017, 1020-21 (10th Cir.1992). The government, in effect, argues we should infer the necessary findings from what was presented during the sentencing hearing. Such an approach would not be consistent with the Supreme Court's holding in Dunnigan, 113 S.Ct. at 1117, that "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish ... obstruction of justice, ... under the perjury definition we have set out." Cf. United States v. Hilliard, 31 F.3d 1509, 1518-20 (10th Cir.1994). Therefore, the two-level enhancement for obstruction of justice under U.S.S.G. Sec. 3C1.1 was improper, because the district court did not make the specific findings necessary for perjury. We remand the case for resentencing so that additional findings can be entered or other proceedings conducted on this sentence enhancement.
 The defendant's convictions are AFFIRMED, and the case is REMANDED to the district court for further determination regarding the sentence enhancement for obstruction of justice under U.S.S.G. 3C1.1.
 
 
 
 *
 The Honorable Sam A. Crow, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 There are situations, however, when the defendant's failure to assert an ineffectiveness claim on direct appeal may bar its latter assertion in a Sec. 2255 proceeding. One such instance is when the defendant is appointed new counsel on appeal and the claim "would not be substantially aided by further development of the record." Beaulieu v. United States, 930 F.2d 805, 807 (10th Cir.1991)
 
 
 [2]
 Perjury under the Guidelines requires "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993)