52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James GARCIA, Defendant-Appellant.
 No. 94-4178.
(D.C. No. 91-NCR-56W)
 United States Court of Appeals, Tenth Circuit.
 April 14, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefor ordered submitted without oral argument.
 
 
 2
 James Garcia (Garcia), having been granted leave to proceed in forma pauperis, appeals the district court's judgment entered following a jury verdict finding him guilty of conspiracy to manufacture a controlled substance. Garcia was sentenced to imprisonment of 120 months, to be followed by a five year period of supervised release.
 
 
 3
 Garcia was indicted, along with three others, on a charge of conspiracy to manufacture methamphetamine, a controlled substance, in violation of 21 U.S.C. 841(a)(1) and 846. At trial, the government's evidence included: (1) a August 14, 1991, telephone conversation between Garcia and a coconspirator in which they discussed the manufacturing and distribution of methamphetamine and that they had to "get making something right now," (Tr. 4/26/94 at 44-49); (2) testimony of officers who observed Garcia leave his coconspirator's residence late on the evening of August 17, 1991, proceed to a local grocery store and purchase seven or eight bottles of rubbing alcohol and five or six cans of Drano or Red Devil lye, (Tr. 4/25/94 at 48-55); (3) testimony detailing the chemicals and the laboratory setup found after the search of the residence on August 18, 1991, including rubbing alcohol and Red Devil lye containers, (Tr. 4/25/94 at 31-32); and (4) the testimony of the coconspirator that he needed the alcohol and lye to finishing the testing of the methylamine and had specifically discussed the process with Garcia, (Tr. 4/26/94 at 53-54).
 
 
 4
 In addition, the court allowed prior acts evidence pursuant to Fed.R.Evid. 404(b)[2] in the form of testimony by a coconspirator relative to Garcia's prior drug-related conduct that Garcia had: previously distributed methamphetamine; been involved in the production of methamphetamine at least five or six times before; been paid with money and drugs to make purchases of chemicals for methamphetamine production eight or nine time before; and acted in a manner consistent with the distribution of methamphetamine on prior occasions.
 
 
 5
 On appeal, Garcia's sole contention of error is that he was denied effective assistance of counsel when his trial counsel failed to request a limiting instruction concerning evidence of Garcia's prior drug-related conduct.
 
 
 6
 In general, "the preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 25 U.S.C. 2255," Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991) (citations omitted), because ineffectiveness claims frequently require consideration of evidence not contained in the record on direct appeal. Id. at 807. However, there are those "rare" cases where the record is sufficiently complete to enable a fair evaluation of the ineffectiveness claim on direct appeal. Id. When this is the case, there is no need to waste judicial resources by postponing review of the merits. This is such a case.
 
 
 7
 Here the claim is confined to matters found in the trial record. It does not require further factual inquiry. Garcia's claim is limited to the issue of whether his trial counsel's failure to request a limiting instruction on the use of 404(b) evidence was so prejudicial that it that deprived him of effective assistance of counsel.
 
 
 8
 An attorney must provide "reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. King, 936 F.2d 477, 479-80 (10th Cir.), cert. denied, 502 U.S. 1008 (1991). To establish ineffective assistance of counsel sufficient to warrant reversal of a conviction, the defendant must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687-88; King, 936 at 480.
 
 
 9
 It is undisputed that Garcia's trial counsel did not request a limiting instruction concerning the evidence of his prior drug-related conduct. The government concedes that this error was outside reasonable professional bounds in dealing with prior acts evidence. Therefore, we will assume that Garcia's trial counsel's performance fell below the minimum standard of reasonably effective assistance.
 
 
 10
 The first prong of the Strickland test has been satisfied; Garcia's trial counsel was deficient in not requesting a limiting instruction. In turning to the second prong of the Strickland test, Garcia must show that this deficiency prejudiced his defense such that he was deprived of a fair trial, a trial whose result is reliable. See Strickland, 466 U.S. at 687. The determinative question is whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1994).
 
 
 11
 In Unites States v. Horn, 946 F.2d 738, 740-41 (10th Cir.1991), this court held that:
 
 
 12
 A conspiracy conviction requires the government to prove that (1) a conspiracy existed, (2) the defendant knew the essential objectives of the conspiracy, and (3) the defendant knowingly and voluntarily became a part of it. A defendant's participation in a conspiracy is proven by evidence tending to show that the defendant shared a common purpose or design with his alleged coconspirators. The conduct of the alleged coconspirators, including the defendant, may be diverse and far-ranging, but it must be interdependent in some way. Thus, if the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole, evidence of interdependence is present.
 
 
 13
 (internal citations and quotations omitted). Applying these standards to the evidence contained in the record, discussed supra, we conclude that there was sufficient evidence to support Garcia's involvement in a conspiracy to manufacture methamphetamines without consideration of the prior acts evidence.
 
 
 14
 After careful review of the record, we hold that Garcia's conviction was neither rendered unreliable nor fundamentally unfair as a result of his trial counsel's failure to request a limiting instruction. Hence, no prejudice resulted.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Federal Rule of Evidence 404(b) provides, in part:
 (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,....