**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

AARON R. PEREZ,

　　　Defendant - Appellant.

No. 02-2023
(D.C. No. CR-00-931-JP)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. INTRODUCTION

Aaron[1] R. Perez was convicted of one count of distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and sentenced to 121 months' incarceration. He appeals his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **affirm** and **dismiss in part**.

## II. FACTS

During the month of December, 1999, Detective Jay Rayjee of the Albuquerque Police Department conducted an undercover narcotics investigation of Marcos Acosta. The goal of the investigation was to discover Acosta's supplier of cocaine base ("crack"). Posing as an individual interested in purchasing large amounts of crack for resale, Rayjee spoke over the telephone with Acosta on December 29 and 30 and expressed his interest in buying three ounces of crack. On the afternoon of December 30, Rayjee drove to Acosta's house. Acosta got into Rayjee's car and told him to drive to a nearby payphone. After making a call, Acosta directed Rayjee to drive to a "ditch bank." Upon arriving at the ditch bank, Rayjee and Acosta settled on a price of $935 for an

---

[1] Defendant's counsel on appeal spells the defendant's first name "Arron." The record, however, is replete with the alternative spelling "Aaron." We will likewise use the spelling "Aaron."

ounce and a half of crack.[2] Rayjee then heard a honk and saw a green Pontiac parked behind his car. Perez was standing beside the car. Acosta walked to Perez, who handed Acosta a plastic bag containing a yellow substance weighing roughly an ounce and a half. The substance was later identified as crack. Acosta walked back to Rayjee's car; Rayjee weighed the crack and gave the money to Acosta. Rayjee then gave an arrest signal, and numerous police officers descended on the ditch bank. They arrested Perez and Acosta.

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Perez argues that his trial counsel's representation was constitutionally deficient because he failed to interview and call to testify the brothers of Marcos Acosta. According to Perez, the brothers could verify the defense theory of the case that the calls from the Acosta home to Perez's telephone on December 30 were not calls made by Marcos to set up illegal drug deals, but calls by Marcos' brother to make New Year's Eve plans.

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Only in the rarest of

---

[2] One ounce is approximately 28.35 grams.

circumstances, when an ineffective assistance claim needs no further factual development, will we consider such a claim on direct appeal. *See id.* at 1240-41. This case does not present such a rare circumstance. As we indicated in *Beaulieu v. United States*, a failure to interview witnesses claim is often fact-dependent. *See* 930 F.2d 805, 808 (10th Cir. 1991), *overruled on other grounds*, *Galloway*, 56 F.3d at 1241. In this case, for instance, to determine the adequacy of trial counsel's representation, such facts as whether counsel attempted to interview Acosta's brothers and, if not, his reasons for not doing so must be known. The record sheds no light on these questions, and, accordingly, we will not address the claim.

**B. Sufficiency of the Evidence**

In reviewing a challenge to the sufficiency of the evidence supporting the conviction, we view all evidence in the light most favorable to the government. *See United States v. Edwards*, 69 F.3d 419, 430 (10th Cir. 1995). We will uphold the verdict if any reasonable jury could find the defendant guilty beyond a reasonable doubt. *See id.*

Perez argues that he was just an innocent bystander to the drug transaction. He contends that telephone records introduced by the government indicate only that calls to his phone were made by someone at the Acosta residence, not necessarily by Marcos Acosta. Even ignoring all evidence relating to telephone

calls made to Perez's telephone from Acosta's home, however, the evidence was more than sufficient to convict. The jury was presented with testimony that Perez met Acosta and Rayjee at the ditch bank, that Perez handed Acosta a bag containing crack, that Acosta gave Rayjee the bag in exchange for over nine hundred dollars, that when police arrived Perez fled, and that cocaine residue and plastic baggies were found at Perez's home. From these facts, a reasonable jury could infer that Perez knowingly distributed crack.

## C. Obstruction of Justice Enhancement

The district court enhanced Perez's offense level by two points under U.S.S.G. § 3C1.1, which provides

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

The district court found that

> [b]ased on the trial testimony given, I think that the Probation Office has correctly ascertained that the trial testimony given by the defendant falls withing Section 3C1.1 of the guidelines and that he did willfully attempt to obstruct or impede the administration of justice during the prosecution of the case by giving false testimony, one, denying his involvement in the drug transactions, and second, denying that he participated in the phone conversation that was a critical element leading up to a drug transaction.

Perez contends the district court erroneously relied on the guilty verdict to determine that Perez gave false testimony. He also contends that there is insufficient evidence that Perez lied on the stand.

We review the district court's factual findings for clear error. *See United States v. Mounkes*, 204 F.3d 1024, 1029 (10th Cir. 2000). When the district court observes the defendant's testimony, we give deference in reviewing its finding of perjury. *See id.* There is no merit to Perez's contention that the district court relied only on the jury verdict. The court expressly relied on "the trial testimony given." Moreover, the district court's factual finding that Perez falsely testified that he had no part in the drug transaction is not clearly erroneous. Detective Rayjee testified that Perez met Rayjee and Acosta at the ditch bank and gave Acosta a bag containing crack. The district court observed Perez's testimony and we defer to its determination that Perez falsely testified when he stated he was not involved in the drug transaction.

## IV. CONCLUSION

Perez's conviction and sentence is **AFFIRMED**. Perez's claim of ineffective assistance of trial counsel is **DISMISSED WITHOUT PREJUDICE**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge