46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregg Hansen DOVER, Defendant-Appellant.
 No. 94-8040.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.
 
 
 1
 Upon mutual consent of the parties, this case has been submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir. R. 34.1.9.
 
 
 2
 Defendant-appellant Gregg H. Dover appeals from the judgment of conviction and sentence following his plea of guilty to one count of possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. 841(a)(1). This court has appellate jurisdiction under 28 U.S.C. 1291.
 
 
 3
 * Dover was arrested following the purchase of two one-eighth ounce quantities of methamphetamine by a confidential informant. After his arrest Dover, represented by counsel, entered into a plea agreement with the prosecution. In the plea agreement, Dover stipulated that he had distributed between 100 and 400 grams of methamphetamine on other occasions. This stipulation established the basis for computing an offense level of 26 under the Sentencing Guidelines, based on "relevant conduct," as that term is used therein. U.S.S.G. 1B1.3(a)(1)(A); see United States v. Underwood, 982 F.2d 426, 429 (10th Cir.1992), cert.denied, 113 S.Ct. 3043 (1993).
 
 
 4
 The plea agreement also provided that the government would, if certain conditions were met by Dover, recommend that Dover be granted a three-level downward departure in the offense level for acceptance of responsibility and an additional downward departure in his sentence for providing substantial assistance to the government. The latter provision expressly stated that it was within the sole discretion of the prosecution to determine whether substantial assistance had been provided by Dover. Significantly, in the opening section the plea agreement listed the penalty for Dover's offense as five years to forty years of imprisonment.
 
 
 5
 Arraignment was held on January 20, 1994. At that time Dover, again represented by counsel, waived indictment, assented formally to the terms of the plea agreement, and entered a plea of guilty. The transcript of this proceeding shows that Dover was repeatedly advised that his plea to the offense charged, together with the stipulation as to the amount of the drug included in the relevant conduct, made him subject to a five-year mandatory minimum imprisonment term.[2] After careful inquiry from the court in accordance with Fed.R.Crim.P. 11, Dover's plea was accepted.
 
 
 6
 Dover was sentenced on April 11, 1994. At sentencing, the court accepted the government's recommendation to grant Dover the three-level reduction in offense level for acceptance of responsibility which had been contemplated in the plea agreement. The government advised the court that Dover had not provided substantial assistance, however, and declined to recommend any departure in sentence on that basis. Therefore, the court did not depart below the statutory minimum sentence of five years. The court sentenced Dover accordingly to five years' imprisonment, and imposed a $50 special assessment and a supervised release term of five years.
 
 
 7
 Dover now appeals his conviction and sentence, contending that his guilty plea was involuntary due to ineffective assistance of counsel. In order to avoid waiving his claims of ineffective assistance of counsel, Dover asserts that his trial counsel was ineffective and requests that we order a limited remand for the holding of an evidentiary hearing on his claims. Appellant's Opening Brief at 8. We note also that in his timely prose notice of appeal, Dover stated, inter alia: "The reason for appealing the case is inadequate defense. If you need more information please let me know." IR. Doc.21.[3] In his brief, Dover further states that if we decline to remand for an evidentiary hearing, he requests that this court dismiss his claims without prejudice so that he can pursue his claims in a proceeding under 28 U.S.C. 2255.
 
 II
 
 8
 As a threshold matter, we must determine whether Dover's ineffective assistance claim should be resolved in this direct appeal or be deferred for consideration in collateral proceedings under 28 U.S.C. 2255. In Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991), we recognized that collateral attack is the preferred method for raising ineffective assistance claims for two reasons. First, a convicted defendant often will be unaware that he has a viable argument for relief on this basis until the stage of collateral review, especially when he has been represented by the same counsel at trial and on direct appeal. Id. at 807. Second, ineffective assistance claims frequently require development of evidence not included in the record on appeal. Id. We also recognized, however, that in "rare cases" the record on appeal may be sufficient, including cases in which "simply put, the claim [does] not merit further factual inquiry." Id.; see also United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993) (deciding ineffectiveness claims on direct appeal although not raised below), cert.denied, 114 S.Ct. 1236 (1994); United States v. Mejia-Alarcon, 995 F.2d 982, 992 (10th Cir.) (same), cert.denied, 114 S.Ct. 334 (1993).
 
 
 9
 For reasons that will be made clear in the following discussion, we are satisfied that this is a case in which the claim does not merit further factual inquiry. As Dover is represented by different counsel on this appeal, we will resolve the issue in this appeal.
 
 III
 
 10
 To prevail on his claim, Dover must show that his counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty" but would have insisted on going to trial, Hill v. Lockhart, 474 U.S. 52, 59 (1985). We turn, then, to the specific contention made by Dover regarding the performance of his counsel.
 
 
 11
 Dover's sole contention is that his trial attorney was ineffective because he failed to raise, to investigate, and to preserve for appeal the issue whether the controlled substance was L-methamphetamine or D-methamphetamine. The record does not permit us to determine the factual basis for this contention, other than that the issue indeed was not raised at any point in the proceedings. Dover acknowledges the inadequacy of the record and asks that we remand for further proceedings in the district court so that he may develop a record regarding, inter alia, his desire to have the issue raised by his counsel. Because we find that Dover cannot in any event establish that he was prejudiced by this alleged deficiency in his counsel's performance, however, we conclude that remand is unwarranted.
 
 
 12
 The statute under which Dover was sentenced to a five-year mandatory minimum term of imprisonment draws no distinction between the two forms of methamphetamine. Instead, the statute provides for the mandatory minimum to apply to any violation involving "100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers." 21 U.S.C. 841(b)(1)(B)(viii) (emphasis added). Thus, in this case, the form of the drug was immaterial as it could not have made a difference in Dover's sentence.[4]
 
 
 13
 Dover acknowledges that the mandatory minimum sentence applies to both forms of methamphetamine, but alleges that his stipulation in the plea agreement to an amount of 100 to 400 grams was part of his "involuntary plea." Dover's bald assertion that his plea was involuntary must be rejected. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. at 56, quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970). To show that his plea based on the advice of counsel was involuntary, Dover must show that the attorney's assistance was constitutionally deficient. Hill, 474 U.S. at 56-57.
 
 
 14
 The record amply demonstrates that Dover's plea was not coerced and that he was fully informed of the possible consequences. His only allegation regarding the shortcomings of his counsel's performance is the failure to raise an issue which we have found could not have affected the outcome of the case. Therefore, we find that his plea was voluntary.
 
 
 15
 In sum, the record is quite clear that Dover knew that the plea agreement would result in a minimum sentence of five years and that the only possibility for receiving a lesser sentence was for the government to recommend a reduction based on substantial assistance. He also was informed, both in writing by the plea agreement and by the court at his arraignment, that it was within the government's sole discretion whether to recommend a reduction because of substantial assistance. Dover's contentions regarding his attorney's failure to raise any issue regarding the form of methamphetamine are legally insufficient to support the argument that his plea was involuntary.
 
 
 16
 In his prose notice of appeal, Dover listed other complaints regarding his attorney's performance at the sentencing hearing. We do not address these because they have not been briefed. See Fed.R.App.P. 28; Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir.1984).
 
 
 17
 It is obvious, moreover, that Dover could not possibly show that he was prejudiced by any of these alleged deficiencies, because he received the lightest sentence that the court could have imposed.
 
 
 18
 AFFIRMED.
 
 APPENDIX
 
 19
 To The Federal Court,
 
 4/13/94
 
 20
 I was sentenced in Federal Court in Casper on Mon. April 11 by Judge Johnson. After I was sentenced he told me that I had 10 days to appeal.
 
 
 21
 I am not positive about how to do this as I do not have legal counsel at the present time. However, from my understanding, I just need to write:
 
 
 22
 I would like to make a motion to appeal my case. My name is Gregg Hansen Dover and my case number is CR940085.
 
 
 23
 The reason for appealing the case is inadequate defense counsel.
 
 
 24
 If you need more information please let me know.
 
 
 25
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 APPENDIX
 
 26
 To the Federal Clerk's Office,
 
 4/13/94
 
 27
 I would like to make a motion to have a court appointed Federal Public Defender appointed to my case. The legal counsel I had before was retained by my parents. For several months he was supposed to be working on a presentation for my sentencing and when I got to court he didn't even have any notes. He didn't bring up several important items that needed to be presented. He didn't even call several witnesses that were in court to testify. As I found out later he is not even a criminal lawyer.
 
 
 28
 What assets I had I turned over to my parents to help defray part of what this lawyer charged--which was quite an abundant amount.
 
 
 29
 I was also told I needed to include a financial statement for this. My financial status is very poor. Actually it is all included in my presentence investigation.
 
 
 30
 Like I said before I now have no assets.
 
 
 31
 For liabilities I owe around $68,000.00 to credit card companies.
 
 
 32
 I do feel like I have a pretty strong case for an appeal and really do need some help from someone who knows what he is doing. If you need more information please don't hesitate to contact me.
 
 
 33
 Thank you very much,
 
 
 34
 /s/ Gregg Hansen Dover
 
 Gregg Hansen Dover
 Signed before me this 15th day of April
 ERLINDA E. HERNANDEZ
 NOTARY PUBLIC
 STATE OF COLORADO
 
 35
 /s/ Erlinda E. Hernandez
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The presentence report also referred to the five-year mandatory minimum sentence. Counsel filed certain objections to the report but made no objection to this critical item
 
 
 [3]
 In order that the contentions made by the appellant in connection with his direct appeal be clear, we attach an Appendix to this Order and Judgment which spells out all of the complaints made about counsel in the two instruments filed below, which we treat as one document serving as his notice of appeal
 
 
 [4]
 As we previously noted in United States v. Deninno, 29 F.3d 572, 579-80 (10th Cir.1994), petition for cert.filed, (No.94-6762, Nov.7, 1994), "[m]ethamphetamine is commonly understood to mean D-methamphetamine in the sentencing guidelines." In recognition of a substantial difference in potency in the two forms of methamphetamine, the Sentencing Guidelines provide for more severe punishment for criminal conduct involving D-methamphetamine than for conduct involving L-methamphetamine. Thus, whereas the offense level as determined in Dover's case for criminal conduct involving what was apparently assumed to have been 100 to 400 grams of D-methamphetamine was 26, for conduct involving 100 grams of L-methamphetamine the offense level would have been 12. U.S.S.G. 2D1.1. This disparity in treatment of the two forms of the drug is not relevant in this case, however, because the Sentencing Guidelines are effectively "trumped" by the mandatory minimum sentence provided by statute
 In the instant case, nothing in the record shows that the distinction between the two forms of the drug was ever noted by the prosecution, the defense, the probation office, or the court. In Deninno, we held that the burden of proof was on the government in the sentencing stage to prove that the drug involved was D-methamphetamine. Nevertheless, we upheld the sentence in that case, which had been based on the offense level calculated for the more potent form of the drug, in the absence of such proof because we found that the defendant had the burden of alleging factual inaccuracies of the presentence report and that the failure to raise the issue constituted waiver. Id. at 580. No issue of ineffective assistance was raised in that case. Deninno illustrates that the difference in the form of methamphetamine may substantially affect a sentence which is in excess of the statutory minimum. See also United States v. Patrick, 983 F.2d 206 (11th Cir.1993).