65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Harold Warren STONE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-1153
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 31, 1995
Filed: Aug. 18, 1995
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Warren Stone appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Stone pleaded guilty to conspiring to possess and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. Secs. 841 and 846. Stone brought cash to a confidential informant to purchase methamphetamine, and the informant gave him four-pounds of coffee creamer and ether. Using the higher guidelines for D-methamphetamine (rather than L-methamphetamine), the PSR indicated a total offense level of 30, a criminal history category of I, a Guidelines range of 97 to 121 months, and a 120-month statutory mandatory minimum under section 841(b)(1)(A). The district court sentenced Stone to 120 months imprisonment and three years supervised release. Stone did not appeal.
 
 
 3
 Stone later filed the instant section 2255 motion, arguing his counsel was ineffective for failing to object when the district court sentenced him for D-methamphetamine because the only substance involved was coffee creamer and the government failed to establish the type of methamphetamine (D or L) he was attempting to purchase. The district court denied his motion.
 
 
 4
 On appeal, Stone renews the challenges he made below, and expands his argument that his counsel was ineffective for failing to challenge his conviction altogether because the substance he attempted to purchase was not actually a controlled substance as required by the statute.
 
 
 5
 D- and L-methamphetamine are isomers of one another, and L-methamphetamine, which does not have discernible physiological effects on human beings, is sentenced at substantially lower Guidelines ranges. See U.S.S.G. Sec. 2D1.1(c) (Drug Quantity Table); United States v. Bogusz, 43 F.3d 82, 86-90 (3d Cir.1994), cert. denied, 115 S. Ct. 1812 (1995). In the present case, counsel was not ineffective for not raising the issue of methamphetamine type, because regardless which type was going to be manufactured, the statutory mandatory minimum of 120 months applied. Stone conspired to purchase over 100 grams of methamphetamine and he could not have been sentenced below this figure. See Section 841(b)(1)(A)(viii) (ten-year mandatory minimum applies when a defendant possesses with intent to distribute "100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 1 kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers"). Stone did not challenge the quantity of methamphetamine he attempted to purchase.
 
 
 6
 We also reject Stone's argument that counsel was ineffective in failing to challenge his convictions because the substance actually involved (coffee creamer) was not a controlled substance as required by the statute. Courts have concluded that Congress-by its use of the word "attempt"-intended to eliminate the defense of impossibility in cases prosecuted under 21 U.S.C. Secs. 841(a)(1) and 846. United States v. Pennell, 737 F.2d 521, 523, 525 (6th Cir.1984) (upholding reverse sting operation where defendant paid $43,000 in cash for sham cocaine), cert. denied, 469 U.S. 1158 (1985); United States v. Everett, 700 F.2d 900, 904-08 (3rd Cir.1983). All that is required is that the defendant's objective conduct-taken as a whole-must unequivocally corroborate the required subjective intent to purchase and sell actual narcotics. Pennell, 737 F.2d at 525; see also Everett, 700 F.2d at 908-09. Here, Stone undisputedly arranged to buy actual methamphetamine and arrived at the appointed time and location with $32,000 in cash.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota