Robert C. HARTLEY, Petitioner,

v.

UNITED STATES, Respondent.

No. CIV. A. 97–2793.
No. CRIM. A. 92–484.

United States District Court,
E.D. Pennsylvania.

July 13, 1998.

Thomas Collas Carroll, Philadelphia, PA, for Petitioner.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

In December 1992, petitioner Robert C. Hartley ("Hartley") pled guilty to eight counts of violating the Comprehensive Drug Abuse Prevention and Control Act ("the Act"), 21 U.S.C. § 801 *et seq.* (West 1981 & Supp.1998). Hartley was convicted on these eight counts by Judge J. William Ditter, Jr. In April 1997, Hartley petitioned for a writ of habeas corpus on the basis of ineffective assistance of counsel, pursuant to 28 U.S.C. § 2255 (West 1994 & Supp.1997). The case was transferred from the docket of Judge Ditter to my docket on April 13, 1998 (Criminal Action Document No. 66).

Pending before this Court is the motion of petitioner Hartley to vacate, set aside or correct sentence (Criminal Action Document No. 62), and the answer of the respondent United States thereto (Criminal Action Document No. 65). For the following reasons, the motion by petitioner Hartley will be granted with respect to the vacation of the convictions and sentences for Counts two, four, and six, and will be denied with respect to the request for a re-sentencing hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 1992, government informant Patrick Keenan ("Keenan") told Special Agent Gerald J. Griffin ("Griffin") that he and Hartley had manufactured phenyl-2-propanone ("P2P") and methamphetamine in the basement of Hartley's house, located at 403 Maplewood Drive, Plymouth, Pennsylvania. Keenan informed Griffin that he and Hartley had manufactured at least five to ten pounds of methamphetamine in Hartley's house, with the last manufacturing occurring in or about July 1991.

On July 21, 1992, a search warrant of Hartley's house was issued for any chemical or equipment used in the manufacturing of methamphetamine or P2P. On or about July 29, 1992, Griffin executed the search warrant and found a concealed room in Hartley's basement which was used as a laboratory for the manufacturing of methamphetamine. During this search, Griffin seized material which formed the basis of Hartley's indictment.

A criminal complaint was filed against Hartley on July 30, 1992. Hartley was

charged with the following eight counts: conspiracy under 21 U.S.C. § 846 (Count 1); manufacture of methamphetamine under 21 U.S.C. § 841(a)(1) (Count 2); manufacture and maintaining a place for purpose of manufacturing controlled substance near a school under 21 U.S.C. § 860 (Count 3); maintaining a place for purpose of manufacturing methamphetamine under 21 U.S.C. § 856 (Count 4); manufacture and maintaining a place for purpose of manufacturing controlled substance near a school under 21 U.S.C. § 860 (Count 5); manufacture of marihuana under 21 U.S.C. § 841 (Count 6); manufacture and maintaining a place for purpose of manufacturing controlled substance near a school under 21 U.S.C. § 860 (Count 7); and criminal forfeiture under 21 U.S.C. § 853 (Count 8).[1]

On December 2, 1992, Hartley pled guilty to Counts one through seven. Hartley also agreed, pursuant to Count eight, to forfeit any and all of his interest in the property at 403 Maplewood Drive.

Hartley's violations of the Act exposed him, *inter alia*, to a maximum penalty of life imprisonment and a mandatory minimum sentence of twenty years imprisonment. The United States District Court for the Eastern District of Pennsylvania sentenced Hartley to the mandatory minimum of 240 months imprisonment on Counts one through seven, and to ten years of supervised release. Pursuant to Count eight, Hartley was required to forfeit his property interests on his home. The district court also imposed financial penalties of $350 in assessments ($50 for each Count one through seven) and a $5,000 fine.

The United States Court of Appeals for the Third Circuit affirmed the district court's decision on October 25, 1993. On April 22, 1997, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel at the time of his sentencing. Hartley argues that he is entitled to a new sentencing hearing, based on the errors by his counsel.[2] Respondent United States filed an answer to petitioner's motion on August 21, 1997. The government concedes that three of the eight counts on which petitioner was convicted and sentenced were unlawful and consequently, their convictions and sentences should be vacated. However, the government contends that the vacation of these counts does not warrant a new sentencing hearing. I will consider each of the three grounds on which petitioner bases his ineffective assistance of counsel claim seriatim.

## II. LEGAL STANDARD

■ The standard for an ineffective assistance of counsel claim was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court established that:

> a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

■ In its evaluation of whether counsel's performance was deficient, the court must measure counsel's conduct with that of reasonably effective assistance. *Id.* at 687, 104 S.Ct. 2052. Thus, to succeed in an ineffective assistance of counsel claim, a defendant must prove that his or her counsel's performance fell below an objective standard

1. Hartley had previously been convicted in 1982 of violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute methamphetamine and P2P. Based on this conviction, the United States District Court for the Eastern District of Pennsylvania sentenced Hartley to two years imprisonment.

2. Petitioner's grounds are limited to seeking a new sentencing hearing. Petitioner does not seek to vacate his guilty plea.

of reasonableness. *Id.* at 688, 104 S.Ct. 2052. The reasonableness of counsel's conduct must be judged according to the time of counsel's conduct and to the facts of the particular case. *Id.* at 689, 104 S.Ct. 2052; *Berryman v. Morton,* 100 F.3d 1089, 1094 (3d Cir.1996). In addition, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Hence, a court must give great deference to the counsel's representation in determining whether counsel was ineffective. *Id.*

■ The second element of the *Strickland* ineffective counsel test establishes that a judgment should not necessarily be set aside even if counsel commits a professionally unreasonable error. Rather, there must be a "reasonable probability that, but for counsel's unprofessional errors, that result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Consequently, if the outcome of the proceeding would have been the same regardless of counsel's errors, the judgment should remain. In summation, for an ineffective assistance of counsel claim to succeed, counsel's representation must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052; *see also Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

## III. DISCUSSION

### A. *BOGUSZ GROUNDS*

■ Petitioner Hartley's first ground for his ineffective assistance of counsel claim is premised on counsel's failure to inform the trial court of the distinction between Dextromethamphetamine ("D-methamphetamine") and Levo-methamphetamine ("L-metham-

phetamine"). Hartley argues that this failure by counsel resulted in a more severe sentence because the Federal Sentencing Guidelines prescribe harsher penalties for cases involving D-methamphetamine than for those involving L-methamphetamine. Consequently, Hartley contends that his sentencing should have been determined by the purity and type of methamphetamine involved.

■ In support of his argument, Hartley turns to the principles announced in *United States v. Bogusz,* 43 F.3d 82 (3d Cir.1994). In *Bogusz,* the Court of Appeals for the Third Circuit established that a convicted defendant's sentence varies according to the purity and type of methamphetamine. *Id.* 43 F.3d at 88. The *Bogusz* court opined that the Federal Sentencing Guidelines prescribes more severe penalties for D-methamphetamine than for L-methamphetamine.[3] *Id.* 43 F.3d at 89. Although *Bogusz* was not decided until after his sentencing, Hartley contends that his counsel should have argued to the trial court the principles and conclusion that were subsequently laid out by the *Bogusz* court.

The failure of Hartley's counsel to raise the issue of methamphetamine type as established in *Bogusz* is inconsequential. Hartley's convictions and sentences would be the same regardless of whether or not the issue of methamphetamine purity was raised. According to 21 U.S.C. § 841(b)(1)(A)(viii), a defendant must be sentenced to a mandatory minimum of twenty years imprisonment in a case involving "one kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers" and involving a defendant who "commits such a violation after a prior conviction for a felony drug offense has become final." In the instant case, Hartley manufactured 3.175 kilograms of

---

**3.** It should be noted that since the *Bogusz* decision, the Sentencing Commission amended the Guidelines to delete the distinction between D-methamphetamine and L-methamphetamine. Relying on the plain language of the amended statute, the Court of Appeals for the Third Circuit established that the statutory minimum found at 21 U.S.C. § 841(b)(1)(A)(viii) applies irrespective of the type of methamphetamine involved. *See United States v. DeJulius,* 121 F.3d 891, 894 (3d

Cir.1997). In *DeJulius,* the court pointed out that the distinction between D-methamphetamine and L-methamphetamine would only be relevant for those defendants "whose conduct occurred prior to November 1, 1995 and *for whom the mandatory statutory minimum is not applicable.*" *Id.* at 894–95 (emphasis added). The court further asserted that "even as applied to the Guidelines, our holding in *Bogusz* was virtually obsolete." *Id.* 121 F.3d at 894.

methamphetamine and was previously convicted of a felony drug offense in 1982. Consequently, Hartley was sentenced to the mandatory minimum sentence of twenty years imprisonment.

Several courts have concluded that in cases in which the mandatory minimum sentence is imposed, such as the present case, the distinction between D-methamphetamine and L-methamphetamine is irrelevant. *See United States v. Strauss,* No. 95–1407, 1995 WL 547679 at *1 (E.D.Pa. Sept. 13, 1995); *see also Stone v. United States,* No. 95–1153, 65 F.3d 172, 1995 WL 492891 (8th Cir. Aug. 18, 1995); *United States v. Dover,* No. 94–8040, 46 F.3d 1152, 1995 WL 3981 (10th Cir. Jan. 4, 1995). The court in *Strauss,* in deciding an ineffective assistance of counsel claim under § 2255, concluded that "even assuming that defense counsel ... should have anticipated the *Bogusz* decision or otherwise have raised ... the issue of methamphetamine type, it is clear that no prejudice resulted to the petitioner who received the most lenient sentence the court lawfully could have imposed." *Strauss,* at *1. As in *Strauss,* the petitioner in the instant case was sentenced to the mandatory minimum sentence. Thus, no prejudice resulted from counsel's failure to raise the issue of methamphetamine type, and I conclude that counsel was not ineffective on this basis.

B. *GREATER/LESSER OFFENSE*

■ Petitioner Hartley's second ground for his ineffective assistance of counsel claim is based on counsel's failure to object to the general sentence of twenty years, applicable to all counts, with concurrent terms. Hartley contends that such a sentence was unlawful because Counts two, four, and six are lesser included offenses of Counts three, five, and seven, respectively. Consequently, Hartley requests, and the respondent does not oppose, an order by this Court to vacate the convictions and sentences imposed under Counts two, four, and six.

■ I agree that Counts two, four, and six are lesser included offenses of Counts three, five, and seven, and thus define the same offenses. *See Rutledge v. United States,* 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). If two statutory provisions proscribe the "same offense," the intent of the legislature, to which courts must adhere, was to impose only one punishment. *Id.; see also Ball v. United States,* 470 U.S. 856, 861, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Whalen v. United States,* 445 U.S. 684, 691–92, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Accordingly, this Court will vacate the convictions and sentences of Counts two, four, and six, the lesser included offenses on which Hartley was convicted.

■ However, the vacation of Counts two, four, and six does not automatically entitle petitioner to a re-sentencing hearing. After a vacation of sentence pursuant to 28 U.S.C. § 2255, the decision of whether a new sentencing hearing is required is "left to the sound discretion of the district court." *United States v. Piccolo,* 129 F.3d 1257 (3d Cir. 1997).

The vacation of Counts two, four, and six has no impact on the sentences or convictions of the other counts or on the overall sentence. The seven sentences of twenty-years imprisonment (one twenty-year sentence for each Count one through seven) were imposed to run concurrently. Consequently, the vacation of Counts two, four, and six is only a technical matter and does not affect the overall sentence term imposed of 240 months. The only effect of vacating the judgment of convictions and sentences under Counts two, four, and six would be to lessen the special assessment by a total of $150 ($50 each for Counts two, four, and six). Accordingly, this Court will deny Hartley's request for a re-sentencing hearing, but will decrease the special assessment fee imposed on him from $350 to $200 ($50 each for Counts one, three, five, and seven).

C. *SECOND OFFENDER ISSUE*

■ Petitioner Hartley's third ground for his ineffective assistance of counsel claim is premised on counsel's failure to object to petitioner being sentenced as a statutory second offender. Hartley was considered a statutory second offender because his 1982

conviction was for a "felony drug offense," which carries mandatory minimum penalties. Hartley contends, however, that his 1982 conviction was not based on a felony drug offense, but rather was based on a dual objective conspiracy of trafficking in methamphetamine and P2P. He further argues that his conviction is ambiguous as to whether it was applied with respect to the methamphetamine or P2P or to both. Hartley asserts that his prior conviction could have been based on P2P, which he contends is not a "drug" within the meaning of the Act, and thus, is not a basis to conclude that he was convicted of a felony drug offense. Consequently, Hartley argues that counsel was ineffective for failing to point out to the trial court that his 1982 conviction was not a felony drug offense and does not qualify as a conviction for mandatory minimum penalties.

Even assuming *arguendo* that Hartley's interpretation of the Act is correct and P2P is not a drug, his 1982 conviction remains a felony drug offense and creates liability for recidivist penalties. Hartley's 1982 conviction clearly included conspiracy to manufacture and distribute methamphetamine, which Hartley himself concedes is a drug under the Act. Therefore, counsel's failure to point out that P2P may not be a drug under the Act did not result in any prejudice to Hartley's convictions and sentences. Consequently, I conclude that Hartley does not succeed in his ineffective assistance of counsel claim on this basis.

### IV. CONCLUSION

For the foregoing reasons, I will grant in part petitioner's motion to vacate, set aside or correct sentence with respect to the vacation of the convictions and sentences on Counts two, four, and six, thereby decreasing the special assessment fee imposed on Hartley from $350 to $200, and I will deny petitioner's motion with respect to granting a new sentencing hearing.

An appropriate Order follows.

### *ORDER*

**AND NOW**, this 13th day of July, 1998, upon consideration of the motion of petitioner Robert C. Hartley to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and his supporting memorandum (Criminal Action Document Nos. 62 & 64), and the response of respondent United States thereto (Criminal Action Document No. 65), and for the reasons set forth in the foregoing memorandum, it is hereby **ORDERED** that the motion of petitioner Robert C. Hartley is **GRANTED IN PART** in that the convictions and sentences for Counts two, four, and six are **VACATED** and the special assessment fee imposed on Hartley is thereby **DECREASED** from $350 to $200. IT IS **FURTHER ORDERED** that the motion for a re-sentencing hearing is **DENIED**.