**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GARY EDSEL WEBB,

     Defendant-Appellant.

No. 96-1363
(D.C. No. 95-CR-53-S)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge; **PORFILIO**, Circuit Judge; and **MURPHY**, Circuit Judge.

---

In this appeal, Defendant Gary Webb argues that we should vacate his guilty plea because he received ineffective assistance of counsel in negotiating that plea at the district court. We disagree with the premise of Mr. Webb's argument and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1995, the government filed a three-count indictment against Mr. Webb, charging him with possession with intent to manufacture more than 100 grams of methamphetamine, attempt to manufacture methamphetamine, and possession of ephedrine with intent to manufacture methamphetamine. Mr. Webb filed a motion to suppress the physical evidence supporting these charges, arguing that police lacked probable cause to search the sleeper compartment of the commercial truck he was driving. The district court denied the motion. Mr. Webb then entered into a plea agreement with the government whereby he agreed to plead guilty to the government's second charge, attempt to manufacture methamphetamine, in exchange for the government's agreement to dismiss the remaining two charges. The district court accepted Mr. Webb's guilty plea and sentenced him to 60 months' imprisonment.[1]

On appeal, Mr. Webb now contends that he received ineffective assistance of counsel in negotiating his plea agreement with the government because his attorney failed to obtain an agreement that preserved his right to appeal the district court's denial of his suppression motion and failed to advise him that pleading guilty would waive his right to appeal that issue. Before addressing this contention, we note that ineffective assistance of counsel claims brought on direct appeal are "presumptively dismissable" so that a full

---

[1]At that time, Mr. Webb also pled guilty to a separate indictment charging him with willful failure to appear for court proceedings. The district court sentenced him to 10 months' imprisonment on that charge to be served consecutively with the 60-month sentence noted above, resulting in a total imposed sentence of 70 months' imprisonment.

factual record may be developed in collateral proceedings. ***United States v. Galloway***, 56 F.3d 1239 (10th Cir. 1995). In this case, however, we agree with the parties that Mr. Webb's claim presents a rare instance when review on direct appeal is appropriate because no further factual development is necessary to render a decision on the merits. ***See id.*** at 1240; ***Beaulieu v. United States***, 930 F.2d 805, 807 (10th Cir. 1991). Assuming Mr. Webb's factual allegations are true, we nevertheless conclude that he has failed to establish ineffective assistance of counsel at the district court.

We evaluate ineffective assistance of counsel claims using the two-part test announced in ***Strickland v. Washington***, 466 U.S. 668 (1984). Under the ***Strickland*** test, a defendant must demonstrate that his or her attorney's performance "fell below an objective standard of reasonableness" and that the unreasonably deficient performance resulted in prejudice. ***Id.*** at 688, 691. To establish prejudice in the plea bargaining context, a defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985).

Applying the ***Strickland*** two-part test, we conclude that neither of Mr. Webb's allegations support a conclusion that he received ineffective assistance of counsel at the district court. His attorney's failure to negotiate a conditional guilty plea preserving the right to appeal the suppression issue cannot be unreasonably deficient performance because Mr. Webb had no right to enter a conditional guilty plea in the first place. ***United***

*States v. Davis*, 900 F.2d 1524, 1527 (10th Cir. 1990). Moreover, because negotiating

such a plea would require the cooperation of both the government and district court--

neither of which have any obligation in that regard--the ability to obtain a conditional plea

agreement was beyond Mr. Webb's attorney's control.

Similarly, Mr. Webb's attorney's failure to inform him that his guilty plea would

waive any right to appeal the suppression issue is not unreasonably deficient performance

given the fact that Mr. Webb was advised by both his attorney and the district court that

he could not appeal the court's finding of guilt upon entering a guilty plea. Armed with

that knowledge, it is inconceivable to us how Mr. Webb could believe he would be able to

appeal the suppression issue, or why he would desire to do so. We therefore conclude

that when Mr. Webb was informed he would lose the right to appeal the district court's

finding of guilt upon entering a guilty plea, he was implicitly advised that the suppression

issue would be unappealable as well.

The indisputable fact that Mr. Webb knew he could not appeal the district court's

finding of guilt similarly precludes him from establishing that he was prejudiced by any

alleged deficiency in his attorney's performance at the district court. Mr. Webb knew that

his attorney had not negotiated a conditional plea agreement and knew that he could not

contest his guilt after pleading guilty; still, he entered a guilty plea to the government's

second count. Under these circumstances, we have no basis to conclude that absent his

attorney's alleged mistakes, Mr. Webb would have rejected the plea bargain he was

offered and insisted on going to trial.  We therefore conclude that Mr. Webb's claim of ineffective assistance of counsel is without merit and **AFFIRM**.


ENTERED FOR THE COURT



John C. Porfilio
Circuit Judge