**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**MAR 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAMES C. CUNNINGHAM,

      Defendant - Appellant.

No. 99-7139
(D.C. No. 98-CR-49-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

      James C. Cunningham appeals his conviction for violating 18 U.S.C.

§ 922(g), which prohibits possession of a firearm by a person convicted of a

felony.  Cunningham's attorney believes that his appeal is wholly frivolous.  He

therefore has filed both a motion to withdraw as attorney of record and a

corresponding Anders brief outlining Cunningham's apparent grounds for appeal.

See Anders v. California, 386 U.S. 738, 744 (1967).  Anders requires that such a

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

brief refer to "anything in the record that might arguably support the appeal." Id. Consistent with this requirement, counsel informs us that the only possible points of error concern the district court's refusal to admit documentation corroborating Cunningham's claim of a back injury. Counsel furnished Cunningham with a copy of the brief, and appellant responded, see id., raising twelve claims for relief and requesting the appointment of counsel. Based on our own independent review of the record, we conclude Cunningham's claims are wholly without merit. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw, deny Cunningham's request for the appointment of counsel, and affirm his conviction and sentence.

Cunningham was tried and convicted by a jury of being a felon in possession of a firearm. The trial revolved around a question of credibility. Government agents testified to seeing Cunningham leave, early in the morning, a trailer where firearms were found, as well as a parole conditions document signed by Cunningham. They further testified that he had signed a statement in which he stated he had two guns at his place: a .22 magnum Winchester lever action, which he borrowed from his mother, and a Mohawk antique firearm, 12 ga., which he borrowed from his sister. Cunningham denied living at the trailer, borrowing the firearms, and making and signing the statement. Family members also asserted he was not residing at the trailer when the firearms were seized. Additionally, the

government presented uncontested evidence of the firearms' nexus to interstate commerce.

Cunningham raises twelve points of error in his response to counsel's Anders brief. Eight of these claims, however, assert instances of allegedly ineffective assistance of counsel. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (citing Beaulieu v. United States, 930 F.2d 805, 808 (10th Cir. 1991)). Our review of the record confirms that this is not one of those "rare instances," permitting consideration of ineffective assistance claims on direct appeal. Id. Therefore, we dismiss Cunningham's ineffective assistance claims, while noting that this does not bar their assertion in a petition pursuant to 28 U.S.C. § 2255. See id. at 1241-42.

Cunningham's response raises four issues proper for consideration on direct appeal: (1) whether the trial court erred in mentioning, during voir dire, "the recent tragedy in Colorado," (II R. at 12); (4) whether the trial court erred in refusing to admit defendant's exhibit four, a propane bill; (6) whether the government engaged in outrageous conduct by falsifying documents; and (10)

whether the government produced evidence sufficient for the jury to find Cunningham guilty beyond a reasonable doubt.

As to Cunningham's claim of prejudicial error in the court's reference to the Columbine tragedy, the record makes obvious the court's statement was in no way improper. Indeed, the court's statement, viewed in context, displays an admirable concern for ascertaining that no members of the jury pool possessed views or experiences that would predispose them against Cunningham:

> Have any of you folks ever had any experience that you feel might affect your consideration of this case? Anything in your background, any experience that you've had yourself personally or a close family member with matters such as this that you feel might affect you in your judgment in this case?
> I know we've all go[ne] through, on the television and in the newspapers, this recent tragedy in Colorado with the shootings there. <u>Now this doesn't involve anything like that</u>.

(II R. at 12) (emphasis added).

With respect to Cunningham's assertion that the district court erred in refusing to admit a propane bill, which Cunningham offered as ostensibly probative of his residence in a dwelling other than the trailer where the firearms were found, the district court properly excluded this exhibit on the ground that it had not been identified. We review the district court's decision to admit or exclude evidence for abuse of discretion, <u>see</u> <u>United States v. Davis</u>, 40 F.3d 1069, 1073 (10th Cir. 1994), and find no abuse of discretion in the district court's proper exclusion of the exhibit for failure to satisfy "[t]he requirement of

- 4 -

authentication or identification as a condition precedent to admissibility," Fed. R. Evid. 901(a).

Cunningham's claim of outrageous conduct must fail for lack of proof of the alleged falsification of documents. His claim that his statement and signature were falsified was presented to the jury at trial, which had the task of assessing the credibility of that claim against the credibility of the government witnesses. The jury carried out its duty and resolved the question of credibility in a manner adverse to Cunningham; we lack the capacity to disturb its resolution on appeal. Cunningham's insufficient evidence claim fails for the same reasons. In reviewing a jury verdict for sufficiency of the evidence, "this court must review the record de novo 'and ask only whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.'" United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir. 1996) (quoting United States v. Urena, 27 F.3d 1487, 1489 (10th Cir. 1994)) (further citations omitted). "In passing upon the sufficiency of the evidence under that standard we may neither weigh conflicting evidence nor consider the credibility of the witnesses." United States v. Lopez, 576 F.2d 840, 843 (10th Cir. 1978) (citing United States v. Weiss, 431 F.2d 1402, 1407 (10th Cir. 1970)). The government presented sufficient evidence to

establish every element of the offense of conviction, and we may not second-guess the jury's decision to credit that evidence rather than the conflicting testimony of Cunningham and his relatives.

Finally, we conclude that the district court's refusal to admit certain medical evidence corroborating Cunningham's back injury was not an abuse of discretion.   Because we conclude that all of Cunningham's claims either lack merit or must be dismissed under Galloway, we also deny his request for the appointment of counsel.

We **AFFIRM** the conviction imposed by the district court, **GRANT** counsel's request to withdraw, and **DENY** Cunningham's request for the appointment of counsel.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge