**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Appellee,<br><br>v.<br><br>ROBERTO BOJORQUEZ-<br>GASTELUM, also known as<br>Roberto Bojoroques, also known as<br>Roberto Bojorquez,<br><br>   Defendant-Appellant. | No. 01-1061<br>(D.C. No. 99-CR-107-B)<br>(D. Colo.) |

**ORDER AND JUDGMENT** *

Before **ANDERSON** and **BALDOCK** , Circuit Judges,   and **BRORBY** ,
Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Roberto Bojorquez-Gastelum appeals the sentence imposed pursuant to his guilty plea to the charges of possession with intent to distribute methamphetamine and aiding and abetting. The mandatory minimum sentence under the United States Sentencing Guidelines was 120 months. The government filed a motion pursuant to USSG § 5K1.1, recommending a reduction to 84 months. The district court adopted the recommendation and imposed a sentence of 84 months. Defendant appeals his sentence.

Mr. Bojorquez-Gastelum decided to plead guilty on the eve of his trial. He was scheduled to be tried on Count II of the indictment, but he entered a guilty plea to that count. On appeal, his attorney submitted a motion to withdraw supported by a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, after conscientious examination, that this appeal is wholly frivolous. As required, copy of counsel's Anders brief and motion to withdraw were provided to Mr. Bojorquez-Gastelum, see id. at 744, and he filed a pro se brief, raising several issues. This court has fully considered his pro se pleadings in resolving this appeal.

Mr. Bojorquez-Gastelum argues (1) his sentence was illegally enhanced by the amount of methamphetamine involved, 1,292.3 grams, even though the count to which he entered a guilty plea did not specify a quantity of drugs; (2) his sentence was longer than sentences imposed on others charged in the same drug conspiracy; (3) his sentence should have been reduced by two levels to account

for his minor role in the offense; and (4) his attorney's assistance in this appeal was constitutionally ineffective.

"This court reviews the district court's legal conclusions under the Sentencing Guidelines *de novo* and its factual findings for clear error, affording great deference to the district court's application of the Guidelines to the facts." United States v. Eaton, No. 00-1276, 2001 WL 912756, at *2 (10th Cir. Aug. 14, 2001). We will construe liberally defendant's pro se briefs and hold them to a less stringent standard than briefs prepared by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We have conducted "a full examination of all the proceedings." Anders, 386 U.S. at 744.

Mr. Bojorquez-Gastelum cannot prevail on his argument that because Count II did not specify an amount of methamphetamine, his sentence was improperly based on 1,292.3 grams. He stipulated to that amount at his plea hearing. Moreover, the amount was an element of the offense, not a sentence enhancer. See 21 U.S.C. § 841(b); Appellee's App. at 32 (Indictment, Count II, charging violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii)).

Mr. Bojorquez-Gastelum next objects to the length of his sentence compared to others charged in the same drug conspiracy, based on his comparatively minor role. He also argues that as a cooperating witness, he should have received a shorter sentence. Different sentences for coconspirators are permissible when they are based on differences in sentencing factors, such as

degree of participation in the crime and criminal history. United States v. Maden, 114 F.3d 155, 159 (10th Cir. 1997). Mr. Bojorquez-Gastelum's unsupported claim that he received a harsher sentence than others is too conclusory for appellate review. Scott v. Hern, 216 F.3d 897, 910 n.7 (10th Cir. 2000). Furthermore, for his cooperation with the government, Mr. Bojorquez-Gastelum received a reduction from a mandatory minimum sentence of 120 months to 84 months. Therefore, no sentencing error occurred.

Mr. Bojorquez-Gastelum also maintains that the district court should have reduced his sentence by two levels for his minor role in the offense. We are without jurisdiction to review his challenge to the district court's refusal to depart downward. United States v. Saffo, 227 F.3d 1260, 1271 (10th Cir. 2000) (absent clear indication that district court misunderstood discretion to depart or imposed illegal sentence, appellate court has no jurisdiction to review refusal to depart downward), cert. denied, 121 S. Ct. 1608 (2001). Even so, as the district court explained, given the government's request to reduce his sentence to 84 months, the requested two-level downward departure to a sentencing range of 87 to 108 months would not have affected the sentence imposed.

Finally, Mr. Bojorquez-Gastelum alleges that his attorney's failure to raise any issues on appeal constituted constitutionally ineffective assistance. As indicated, the attorney filed an Anders brief, alleging no appealable issues. Claims of ineffective assistance of counsel generally should be brought in a

post-conviction proceeding.   Beaulieu v. United States  , 930 F.2d 805, 806-07 (10th Cir. 1991),   overruled on other grounds by    United States v. Galloway   , 56 F.3d 1239, 1241 (10th Cir. 1995) (en banc).  Here, we cannot effectively address this claim because the district court did not have an opportunity to rule on it and the record on appeal is limited to sentencing issues.      See Galloway , 56 F.3d at 1240.  Under the circumstances, Mr. Bojorquez-Gastelum's ineffective assistance of counsel claim will be dismissed without prejudice.

The motion to withdraw filed by defendant's attorney, Normando R. Pacheco, is granted.  Upon de novo review of the parties' briefs and the entire record on appeal, we conclude that the record demonstrates no non-frivolous appellate issues.  Mr. Bojorquez-Gastelum's claim of ineffective assistance of counsel is dismissed without prejudice.  The sentence is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge