**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE ROSALES GARCIA,

      Defendant-Appellant.

No.07-4036
(D.C. No. 2:06-CR-00265 )
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON,** Senior Circuit Judge, and **BRORBY,** Senior Circuit Judge.[**]

---

On March 31, 2005, Jose Rosales Garcia (the defendant) was charged by indictment in the United States District Court for the District of New Mexico with the unlawful possession of methamphetamine, with an intent to distribute. He later pled guilty to that charge and on May 15, 2006 was sentenced to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

imprisonment for 60 months. No appeal was taken in that case.

While the defendant was on pretrial supervision in the above-mentioned case, he was charged in a second and new indictment filed on April 19, 2006, in the United States District Court for the District of New Mexico with the unlawful possession of methamphetamine, with an intent to distribute, on March 23, 2006. On August 24, 2006 he pled guilty to that charge and on November 30, 2006 was sentenced to imprisonment for 87 months, that sentence to be served concurrently with the sentence imposed in the first case. The sentence imposed, i.e. 87 months, was at the lowest end of the applicable guideline range. The defendant, filed, *pro se*, a notice of appeal in the second case, which notice read, in its entirety, as follows:

> Your Honor,
> My name is Jose Garcia and I was recently sentence in your court. Upon advice of my attorney Justin Roberts, I signed a deal for five years. When sentence I received eighty-seven months, which was substantially more time than I agreed to. At this time I would like you to accept this letter as my notice to appeal my sentence. My family is currently in the process of obtaining new counsel for my appeal. I would greatly appreciate your help in this endeavor. Thank You.

Different counsel than his counsel in the district court represents defendant in this appeal. In due time, counsel in this Court filed an *Anders* brief and a motion to withdraw. *Anders v. State of Cal.*, 386 U.S. 738 (1967). Copies of that brief and the motion to withdraw were mailed to both the defendant and the

United States. The defendant filed no response in connection with the *Anders* brief and the United States by letter to this Court stated that, no response would be filed by it to counsel's *Anders* brief.

In the *Anders* brief counsel frames the one issue to be resolved as follows:

> Whether a defendant, who has not first developed a record regarding prior counsel's alleged ineffective performance, jeopardizes his ability to later do so by improvidently advancing such claims on direct appeal, and whether the better course of action would be to raise those claims during collateral proceedings.

It is well established that the general rule, as well as the rule of this Circuit, is that a claim of ineffective assistance of trial counsel cannot be raised on direct appeal where the claim has not been raised in the District Court. *See*, for example, *Beaulieu v. United States*, 930 F.2d 805, 807 (10th Cir.1991). In that same case we recognized that there may be "rare cases" where the record before the District Court is sufficiently complete to permit consideration by us on direct appeal of a claim of ineffective assistance of trial counsel. The instant case, in our view, falls under the general rule and does not come within the exception.

In the instant case, defendant's pro se notice of appeal merely states that he, "upon the advice of my attorney," had "signed a deal for five years" and received a sentence of 87 months imprisonment. In this general connection, we note that at sentencing defendant's counsel, in urging the district court to

sentence defendant to 87 months, did state that "with good time and with credit for his time incarcerated up until now, he will probably actually do five years and a few months." Such, however, does not take the present case out from under the general rule that an appellate court will not consider on direct appeal the ineffectiveness of trial counsel unless such had been raised in the district court and determined by the district court after full hearing on the matter. *Beaulieu*, 930 F.2d at 807; *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

In line with *Anders*, we now grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge

-4-